**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jesse ROSAS, Defendant–Appellant.**

No. 01–CR–44–S=02.

United States Court of Appeals,
Seventh Circuit.

Submitted June 5, 2002.

Decided June 6, 2002.

Before EASTERBROOK, DIANE P. WOOD, WILLIAMS, Circuit Judges.

### ORDER

Jesse Rosas pleaded guilty to conspiracy to distribute and possess with intent to distribute cocaine and marijuana, 21 U.S.C. §§ 846, 841(a)(1), and the district court sentenced him to 136 months' imprisonment, 3 years' supervised release, and a $100 special assessment. Rosas filed a notice of appeal, but his appointed lawyer now moves to withdraw because he believes that all grounds for appeal would be frivolous. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel's brief is facially adequate, and Rosas has filed a response under Circuit Rule 51(b). So we confine our attention to the potential issues identified in counsel's brief and Rosas's response. *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997) (per curiam).

The only potential issue discussed by counsel is whether Rosas could challenge the district court's finding that he was responsible for 11.3 kilograms of cocaine. The district court made this finding after adopting the calculations in Rosas's presentence report. But Rosas failed to file objections to the presentence report, and after he personally assured the judge at his sentencing hearing that he had read the report and discussed it with counsel, his lawyer affirmed that there were no challenges. Where a defendant knows the contents of a presentence report and is aware that he can object to a calculation in the report but affirmatively elects not to, the right to challenge the calculation on appeal is waived. *United States v. Staples,* 202 F.3d 992, 995 (7th Cir.2000). Waiver, unlike forfeiture, blocks plain-error review. *See United States v. Olano,* 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Thus, we agree with counsel that a challenge to the amount of cocaine attributed to Rosas would be frivolous.

In his Rule 51(b) response, Rosas discusses whether he might attack his indictment under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), on the ground that it fails to identify a specific drug quantity. *Apprendi,* however, does not assist Rosas because his 136–month prison sentence falls within the 20–year, default statutory-maximum for cocaine offenses. *See* 21 U.S.C. § 841(b)(1)(C); *United States v. Schuh,* 289 F.3d 968, 2002 WL 924129, at *6 (7th Cir. May 8, 2002). And to the extent that Rosas suggests that failure to charge a drug quantity in an indictment deprives the district court of "jurisdiction," that contention also would be frivolous because it has been rejected by the Supreme Court. *See United States v. Cotton,* —— U.S. ——, —— – ——, 122 S.Ct. 1781,

1784–85, —— L.Ed.2d ——, —— – ——
(2002).

The motion to withdraw is GRANTED, and the appeal is DISMISSED.